**KENNETH A. ELAN**
ATTORNEY AT LAW
217 Broadway, Suite 606
New York, NY 10007
(212) 619-0261
Fax (212) 385-2707
Elanfirm@Yahoo.com





October 17, 2011

Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

      Re:    **Mundy v. DCM Services, LLC**
                **Case No.: 11-CV-5979 (Karas, J.)**

Dear Judge Karas:

      I am the attorney for defendant DCM Services, LLC ("DCM") in the above-referenced Action. Pursuant to your Individual Rules of Practice, request is hereby made for leave to file a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a cause of action and for reimbursement of legal fees and expenses pursuant to 15 U.S.C. § 1692k(a)(3).

      Plaintiff filed her complaint on August 25, 2011 alleging violations of the Fair Debt Collection Practices Act (the "Act"), 15 U.S.C. § 1692a, *et seq.* A copy of the Complaint is enclosed. Plaintiff is the daughter of the late-Carolyn Scarantino. She alleges that she received a letter from DCM (Exh. A) which "purports to be addressed to the personal representative of the Estate of Carolyn Scarantino, but acknowledges that she is deceased." Complaint, ¶ 13. She alleges that the letter requested payment of a debt of $577.46 allegedly owed by Ms. Scarantino but "is intentionally ambiguous as to who, if anyone, is obligated to pay." Complaint, ¶ 14. Continuing, she alleges that, "there was no Estate. Whether an Estate exists in New York is a matter of public record." Complaint, ¶15.[1] She further alleges that "the text of the letter is clearly directed to someone other than Carolyn Scarantino" and the "letter is intended to provoke action by some natural person in the family of the decedent." Complaint, ¶¶ 16, 17.

      Plaintiff then alleges that, "[s]ince the existence or non-existence of an Estate is a matter of public record, this statement is contrived to be confusing." Complaint, ¶ 19. "Since a claim against an Estate is handled in court, this statement can only be intended to induce a person related to the decedent to call and arrange to pay the debt." Complaint, ¶ 21. In response to DCM's letter, Plaintiff continues, Plaintiff faxed a letter (Exh. C) to DCM indicating that the debt was not valid and requesting verification. She alleges that in reply, DCM sent another letter addressed to "The Estate of Carolyn T. Scarantino c/o Sandra Mundy[,] which provided an abstract of the [Kohl's Department Store] account." Complaint, ¶¶ 22, 23. Separate and apart

---

      [1] "Estate" is defined as (a) the interest which a person has in property; and (b) the aggregate of property which a person owns. New York EPTL 1-2.6.

from the allegations concerning the validity of the initial letter, Plaintiff alleges that her telephone was caused to ring "continuously" by DCM. Complaint, ¶ 26.

Ms. Mundy alleges that DCM's letters and the repeated telephone calls constituted violations of Sections 1692b, 1692d and 1692e of the Act. The claim is brought on behalf of Plaintiff and a class consisting of all persons with New York addresses who received a letter similar to those sent by DCM to Plaintiff or telephone calls. Complaint, ¶¶ 34, 35.

On October 3, 2011 DCM answered, denying the material allegations of the Complaint. A copy of the Answer is enclosed. Simply stated, the Complaint is replete with factual errors inconsistent with the exhibits attached to it. The starting point is Paragraph 13 which erroneously states that DCM's initial letter "purported to be addressed to the personal representative of the Estate of Carolyn Scarantino." A review of the letter (Exhibit A) shows that the letter *is* addressed to the personal representative of the Estate. Hence, the Complaint should but does not read "[the letter] *is* addressed to the personal representative of the Estate of Carolyn Scarantino *and* acknowledges that she is deceased." Any other construction of the sentence (and the letter) is illogical.

Those portions of Paragraphs 15, 19 and 21 alleging that "whether an estate exists in New York is a matter of public record" are also erroneous. An estate is only a matter of public record if and when a petition for Letters Testamentary or Administration is filed with a Surrogate's Court. People often die leaving few, if any, material assets. A Surrogate's Court proceeding is then unnecessary. People die leaving material assets but due to the nature of the assets a probate or administration is (again) unnecessary. The latter occurs when a person dies leaving assets in joint names or the assets comprising the estate are not subject to probate or administration, i.e., they are assets passing outside the decedent's will (e.g., insurance, IRAs, proceeds from 401ks and other pensions). Regardless, the assets comprising the estate pass by *operation of law* to the survivor (in the case of jointly-held assets) or the named beneficiary (in the case of insurance, death benefits, retirement proceeds and the like).

Thus, with respect to the Scarantino Estate, a creditor or, in this case, a debt collector (DCM), has no way of knowing whether the decedent died leaving an estate with assets sufficient to pay her outstanding debts particularly where, as here, no Surrogate's Court proceeding had been commenced. A letter to the representative of the estate is entirely appropriate under the circumstances. Indeed, the Complaint *admits* that the DCM letters were addressed to the representative of the Scarantino Estate and not to Plaintiff herself.[2] Complaint ¶ 13. Parenthetically, DCM searches the records of the Surrogate's Courts of New York to determine whether a proceeding has been commenced. DCM will provide an appropriate affidavit as part of its motion papers.

Putting aside the fact that the substance of the Complaint is based upon the false premise that all estates in New York are matters of public record, a more fundamental reason bars the

---

[2] Paragraph 18 of the Complaint admits that the letter also stated, "[i]f you are not the personal representative, please contact us with the name and address of the personal representative or Estate Attorney who is handling the affairs of the deceased."

Hon. Kenneth M. Karas
October 17, 2011
Page 3

claims. Plaintiff lacks standing. Claims under Sections 1692b, 1692c and 1692e of the Act may only be brought by a "consumer." The Act defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692a(3). In *Conboy v. AT&T Corp.*, 241 F.3d 242 (2d Cir. 2001), the Second Circuit held that third parties were not "consumers" within the meaning of the Act. Here, the debt was incurred not by Plaintiff but rather by her late-mother. The letter is addressed not to Plaintiff but to "The personal representative of the Estate of Carolyn Scarantino." *A fortiori,* since Plaintiff is not a "consumer" within the meaning of the Act, she cannot, as a matter of law, pursue someone else's claims pertaining to DCM's letters.

Plaintiff's only other claim pertains to the single-sentence allegation that DCM caused her telephone to ring "continuously." Complaint, ¶ 26. For Plaintiff to state a claim under the Act for harassing telephone calls, 15 U.S.C. 1692d(5), she is required to allege more than a mere conclusory allegation. Instead she must include information such as the dates and contents of the telephone calls. *Gormon v. Wolpoff & Abramson, LLP*, 370 F. Supp. 2d 1005, 1013 (N.D. Cal. 2005). Here, Plaintiff does not allege the number of telephone calls that she received from DCM. My client's records show (and we will provide an affidavit confirming) that only eight telephone calls were made to Plaintiff between June 27 and August 23, 2011. In only one instance was there more than one call in a single day and on that day one message was left. These facts do not give rise to a claim for telephone harassment under the Act. *Cf., Fausto v. Credigy Services Corp.*, 598 F. Supp. 2d 1049 (N.D. Cal. 2009) (90 telephone calls to the debtor); *Sanchez v. Client Services Inc.*, 520 F. Supp. 2d 1149 (N.D. Cal. 2007) (54 telephone calls to the plaintiff's work telephone number and 24 calls to her answering machine); *Udell v. Kansas Counselors, Inc.*, 313 F. Supp. 2d 1135 (D. Kan. 2004) (four automated calls over seven days without leaving message did not constitute harassment under the Act). And while the proof from DCM of the number of calls is out-of-place on a motion to dismiss, it is incumbent on Plaintiff to make some specific allegations so that these cases can be applied by the Court.

For the reasons set forth above DCM requests leave of the Court to move for the dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Moreover, since the Complaint is based on erroneous factual allegations that counsel knew or, as part of their pre-complaint investigation should have known, DCM seeks leave to move for reimbursement of its legal fees and expenses incurred pursuant to Section 1692k(a)(3) of the Act.

Respectfully submitted,

Kenneth A. Elan

KAE:kc
encls.
cc: Abraham Kleinman, Esq.
    William F. Horn, Esq.

*[Handwritten annotation:]* Plaintiff is to respond to this letter by November 7, 2011. So Ordered. *[signature]* 10/28/11